### In the Matter of the G. & G. CIGAR Co., INC.

Supreme Court, New York County, February 8, 1928.

**Assignments for benefit of creditors — claims — petitioner delivered to insolvent assignor money as security for his faithful performance of services with insolvent — delivery of money was in nature of loan — petitioner is not entitled to payment of full amount of this claim at this time.**

Petitioner, who delivered $200 to an insolvent assignor as security for the faithful performance of petitioner's services while with the insolvent, cannot now compel the insolvent's assignee to presently pay the full amount of his claim, since the provision that the insolvent was to pay six per cent interest on said sum negatives any claim that the money was to be kept as a separate fund; as a matter of fact it was delivered in the nature of a loan.

MOTION of one Blatt to compel insolvent's assignee to presently pay full amount of his claim.

DELEHANTY, J.    The motion is denied.    Petitioner delivered to the insolvent assignor $200 as security for the faithful performance of petitioner's services while with the insolvent.    The provision

that the insolvent was to pay six per cent interest on the said sum negatives the present assertion of the petitioner that this money was to be kept, either actually or constructively, as a separate fund.

The case relied upon by both sides (*Matter of Cavin* v. *Gleason*, 105 N. Y. 256) is not in point, except in so far as it holds that a *cestui que trust* is not entitled to a preference merely by reason of the nature of his claim. There the fund was actually in trust. Here it is in the nature of a loan. I do not pass on the question of whether the petitioner may show later that he has a preferred claim. I merely deny his motion to compel the assignee to presently pay the full amount of his claim.